# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHANIE NICKELL,**
**Claimant Below, Petitioner**

**vs.)     No.  15-1136** (BOR Appeal No. 2050468)
                        (Claim No. 2013001845)

**LIFEPOINT HOSPITALS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie Nickell, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lifepoint Hospitals, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed the May 7, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two separate decisions of the claims administrator dated October 20, 2014. In one decision, the claims administrator denied a request for a neurosurgical consult. In the second decision, the claims administrator added radiculopathy as a compensable condition but denied the request to add spondylolisthesis L5-S1 and disc protrusion/displacement as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Nickell, a certified nursing assistant, was injured on May 28, 2012, while assisting a co-worker lift an extremely obese patient. The claim was held compensable for a low back sprain. Ms. Nickell first sought medical treatment from Patsy Fairchild, PA-C, on June 14, 2012. Ms. Nickell provided Ms. Fairchild a history of being diagnosed with a herniated/bulging disc about five to six years prior to the May 28, 2012. Ms. Nickell advised Ms. Fairchild that surgery was recommended at that time. Ms. Nickell also provided a history of the May 28, 2012 injury

1

and her symptoms since that time. Ms. Fairchild diagnosed sciatica. A June 21, 2012, lumbar spine x-ray revealed grade 1 anterior spondylolisthesis of L5 over S1 with no obvious posterior element defects of L5, narrow L4-L5-S1 disc spaces, and no fracture or primary spinal stenosis. An August 23, 2012, lumbar MRI revealed a right paracentral and foraminal disc protrusion at L5-S1 with mild narrowing of the neural foramen effacing the L5 nerve, pars defects at L5 with mild grade 1 anterolisthesis of L5 on S1, and a shallow posterior disc protrusion at L4-L5.

John H. Schmidt, M.D., evaluated Ms. Nickell on October, 4, 2012. He diagnosed low back pain with mild degenerative disc disease at L4-L5 and L5-S1 with a hint of listhesis at L5-S1. Paul Bachwitt, M.D., performed an independent medical evaluation on January 30, 2013. He diagnosed lumbar sprain/strain due to the work injury. In his opinion, Ms. Nickell had mild pre-existing degenerative disc disease of the lumbar spine, which was unrelated to the injury. Prasadarao Mukkamala performed an independent medical evaluation on June 6, 2014. He diagnosed lumbar sprain. In his opinion, Ms. Nickell's ongoing symptoms were related to the underlying degenerative condition, not May 28, 2012, injury.

In its May 7, 2015, Order, the Office of Judges found that the secondary conditions of spondylolisthesis at L5-S1 and disc protrusion/displacement were denied because they were pre-existing. They noted that spondylolisthesis was a congenital/developmental condition, not related to trauma. They also noted that Ms. Nickell told Ms. Fairchild that she had previously been diagnosed with a herniated disc. The Office of Judges determined the denial of the request to add spondylolisthesis at L5-S1 and disc protrusion/displacement as secondary diagnoses was proper. The Office of Judges then found that the request for a neurological consult was for treatment of conditions that were not compensable. Therefore, the denial of the neurological referral was also proper.

The Board of Review agreed with the findings of fact and conclusions of law of the Office of Judges in its decision affirming the Office of Judges' Order on October 28, 2015. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Schmidt, Dr. Bachwitt, and Dr. Mukkamala all agree that the lumbar strain was caused by the injury. They also all determined Ms. Nickell had pre-existing degenerative disc disease. The spondylolisthesis and disc protrusion/displacement are not due to the injury. Therefore, these conditions and the treatment for these conditions should not be compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II